UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:13-bk-03656-JAF |
| ORTHODYNAMIX, LLC ) | |
| ) | Chapter 13 |
| ) | |
| Debtors. ) | |

| | |
|---|---|
| GORDON P. JONES, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | Adv. Case No. 3:13-ap-00609-JAF |
| ) | |
| vs. ) | |
| ) | |
| LAPROTX, LLC, GYRX, LLC, and, ) | |
| MENRX, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF GORDON P. JONES' MOTION FOR TEMPORARY INJUNCTION and MOTION FOR SANCTIONS**

Defendants LAPROTX, LLC, GYRX, LLC, and MENRX, LLC ("Product Companies" or "Defendants"), hereby files this Memorandum in Opposition to Plaintiff GORDON P. JONES' ("Jones" or "Plaintiff") Motion for Temporary Injunction and Motion for Sanctions ("Motions").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    ISSUES PRESENTED AND SUMMARY**

Plaintiff has brought an Emergency Motion for Preliminary Injunction as well as a Motion for Sanctions regarding a restructuring of three companies which are not in bankruptcy, LAPROTX, LLC, GYRX, LLC, and MENRX, LLC.  An evidentiary hearing occurred on this matter on January 21st, 2014, and this Court ordered that the parties submit respective memorandums in support of their respective positions as argued at said hearing.

The undersigned, as representative of the above companies, seeks the subject restructuring because the Product Companies are in imminent danger of losing their value as a going concern. Particular "angel investors" have placed conditions on the investment of their funds that the subject business transaction (the "Restructuring") occur.  The alternative, if the Restructuring were to not take place because the action is enjoined, would result in the loss of critical opportunities such as the loss of the intellectual property and the loss of the designing engineer as an employee.  Further, the undersigned seeks for no sanctions to be brought against Frank R. Keasler, because he made no attempt to divert or manipulate the property of any bankruptcy estate covered by the automatic stay.

Plaintiff disagrees, arguing that the restructuring would harm the bankruptcy estates of Orthodynamix, LLC and Steerable Technologix, LLC ("Bankruptcy Estates") which the Plaintiff believes is owed funds.

## II. ARGUMENT

The Product Companies and Keasler assert that an injunction and sanctions are not appropriate because (a) the proposed Restructuring does not affect the Bankruptcy Estates; (b) an injunction is inappropriate when relief sought is not sufficiently tied to the underlying claims; and (c) an injunction is inappropriate because the proposed relief fails the traditional four factors test.  Each of these arguments independently provides sufficient grounds to deny Plaintiff's requested relief.

### a. THE PROPOSED RESTRUCTURING DOES NOT AFFECT ANY BANKRUPTCY ESTATE

Commencement of a bankruptcy matter creates a bankruptcy estate which brings in a broad range of the debtor's property, including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1).  Plaintiff in this action has

wielded this provision to suggest that merely making a claim makes something part of the Bankruptcy Estates. Plaintiff's reasoning is found in <u>American Nat'l Bank of Austin v. Mortgage America Corp.</u>, 714 F.2d 1266, 1275–77 (5th Cir.1983). In it, the Fifth Circuit (after the split) held that 11 U.S.C. §541(a)(1) brings into the bankruptcy estate all property claimed by the trustee. This would be a problem for the undersigned's position, if 11 U.S.C. §541(a)(1) was interpreted this way in any other circuit.

This is described in <u>In re Saunders</u>, 101 B.R. 303, 305 (Bankr. N.D. Fla. 1989), which explained that 11 U.S.C. §541(a)(3)[1] would have no purpose if 11 U.S.C. §541(a)(1) included any and all claimed property by the trustee. Thus, things that are merely claimed by the trustee are not property of the bankruptcy estate. <u>Id</u>. Particularly, "[u]ntil a judicial determination has been made that the property was, in fact, fraudulently transferred, it is not property of the estate." <u>Id</u>. The reasons for this should be clear and practical: "allowing the debtor to retain an interest, legal or equitable, in fraudulently transferred property conceivably places a cloud on the title of any property transferred by the debtor until there is a judicial determination that the transfer is not avoidable. This result was clearly not contemplated by Congress." <u>Id</u>.

This position is buttressed by <u>Steffen v. Gray, Harris & Robinson, P.A.</u>, 283 F. Supp. 2d 1272, 1284, n 24 (M.D. Fla. 2003) <u>aff'd sub nom.</u> <u>Steffen v. Gray, Harris & Robinson</u>, 138 Fed. Appx. 297 (11th Cir. 2005). The footnote described the reasoning for the case proper – that fraudulent transfer actions are not property of the bankruptcy estate. <u>Id.</u>

Plaintiff's assertion that its claims in and of itself cause certain property to become property of the Bankruptcy Estates is patently false. An automatic stay would not apply to something that is not part of the Bankruptcy Estates. 11 USC § 362(a)(3). The proposed

---

[1] 11 U.S.C. § 541 (a)(3) states that the "… Such estate is comprised of all the following property, wherever located and by whomever held: […] Any interest in property that the trustee recovers under section 329 (b), 363 (n), 543, 550, 553, or 723 of this title."

Restructuring is not a cause of action brought to collect on property of the debtor, and thus not subject to the automatic stay under 11 USC § 362(a)(1). Thus, Mr. Keasler cannot be sanctioned for manipulating said property, nor is it appropriate for this Court to order that said proposed Restructuring be subject to the automatic stay.

### b. AN INJUNCTION IS INAPPROPRIATE WHEN RELIEF SOUGHT IS NOT SUFFICIENTLY TIED TO THE UNDERLYING CLAIMS

It cannot be stressed enough how critical it is that the Plaintiff is seeking an injunction to enjoin the use of a third-party's property with no connection to any claims. An injunction is never appropriate when the basis of the injunction is not of the same character of what the moving party seeks to enjoin, regardless of if all of the traditional balancing factors for an injunction weigh in favor of Plaintiff (irreparable harm, success on the merits, etc.). It is not appropriate for the bankruptcy court to enjoin something not tied to any claims merely out of the convenience for Plaintiff trustee.

The evidence is undisputed that there are no funds of any kind involved in the planned Restructuring, except the funds being brought in from third-party investors.[2] Plaintiff's sole support for any relief are naked allegations of money damages and allegations of undefined fraudulent conveyances. The Plaintiff could not identify the origin for these claims, how much they were for, nor could he identify anything about them whatsoever. Yet, Plaintiff seeks to wield these unarticulated claims as grounds to stop something which by its very nature can have nothing to do with any money damages or fraudulent conveyance claims.

The very purpose of an injunction is "to grant intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. United States, 325 U.S. 212, 220

---

[2] "There is no cash moving out of the old companies into the new company." Transcript of Proceedings at 82, Jones v. Laprotx, LLC, No. 13-609 (Bankr. M.D. Fla. Jan. 21, 2014).

(1945). In De Beers, the United States sought an injunction to freeze all property of the defendants in the United States to secure payment of a fine for contempt. Id. However, the Supreme Court invalidated the injunction, holding in particular that "[t]he injunction in question is not of this character because it […] deals with a matter lying wholly outside the issues of the suit", and "deals with property which in no circumstances can be dealt with in any final injunction that may be entered." See Rosen v. Cascade Intern., Inc., 21 F.3d 1520, 1527-28 (11th Cir. 1994) (*explaining* "[t]he asset freeze, therefore, was improper because the preliminary injunctive relief was of a different "character" from the final relief sought and obtainable in the litigation (the prohibition of certain conduct, not the payment of money damages).").

The unexplained alleged fraudulent conveyances of cash and accounts allegedly owed have no connection to a capital infusion to help monetize on intellectual property. To enjoin a proposed Restructuring would merely be an attempt at an asset freeze to put the Plaintiff in a better position. Because there is no connection with the monetary relief sought with the actions enjoined, an injunction is improper as a matter of law.

### c. AN INJUNCTION IS INAPPROPRIATE BECAUSE THE PROPOSED RELIEF FAILS THE TRADITIONAL FOUR FACTORS TEST

An injunction is only appropriate if certain factors are met, particularly:

> [T]he four factors to be considered in determining whether temporary restraining or preliminary injunctive relief is to be granted, which are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

While the undersigned asserts that none of the factors favor an injunction, it should be most apparent that there is not a substantial likelihood of success, that there is no irreparable injury, and that the harm caused by the injunction would be great.

### i.  Little Likelihood of Success on the Merits

Plaintiff has not made any arguments or put any evidence about the merits of his claims. Instead, Plaintiff has rested on the fact that the claims exist. Plaintiff has not attempted to explain the grounds for the claims. Parties opposing these claims have unanimously sought the dismissal of the same for their insufficiency, and no court has yet ruled to their sufficiency. The only evidence about any claims entered was from parties which refuted the claimed sums owed.[3] Whatever burden that Plaintiff has in showing that he would be successful on the merits cannot possibly have been met when nothing was presented in support of the claims.

### ii.  No Irreparable Injury to Plaintiff

Plaintiff has shown no basis in which it would suffer an irreparable injury. Plaintiff has only shown that it has alleged money damages and claims and fraudulently conveyed property, which are not part of the Restructuring. The Restructuring only involves an investment by third party investors and the changing of hands of ownership in intellectual property.

The argument could be made that the intellectual property could have been formed and matured through the use of moneys owned by the Bankruptcy Estates at some time. This point could be argued if it mattered, but it does not. The intellectual property is not going to be spirited away, diminished, or otherwise disappear. The transfer of intellectual assets on paper does not affect the current operation of the Bankruptcy Estates whatsoever, nor does it make the intellectual assets not recoverable. If Plaintiff has a claim that the Bankruptcy Estates have an

---

[3] "Well, I'd made numerous investments in these companies over almost a 10-year period of time. I've invested almost $2 million in these companies. Every time I did it, I conducted due diligence. I know what I'm looking at when I look at a P&L and a balance sheet. And I've reviewed the P&Ls many times, and I am very confident that I know how the money was being spent and what it was being spent on or I would not have continued to invest further. So I guess the answer is that I think they're completely baseless accusations." Transcript of Proceedings at 64, Jones v. Laprotx, LLC, No. 13-609 (Bankr. M.D. Fla. Jan. 21, 2014).

equitable ownership of that intellectual property, he could simply make that claim against the new entity which is created as part of the Restructuring.

In fact, the proposed Restructuring is to the Bankruptcy Estate's benefit. The Restructuring involves bringing investment in to develop and improve the intellectual property. If everything that Plaintiff alleges is true, then the Restructuring only improves Plaintiff's possibility of collecting on any just claims.

### iii. Injunction "Relief" Would Cause a Disproportionate Harm

If this Court were to enter a temporary injunction, it would result in great harm to the Product Companies. The stakeholders for the Product Companies will only find value in the Product Companies if the intellectual property as a going concern can be monetized. An injunction would remove any hope for this to happen, reducing the value of the Product Companies dramatically.

Although this Court noticed that there was a $1,000 fee needing to be paid in order to maintain the intellectual property, that is not the only thing necessary to maintain the Product Companies or their assets as a going concern. Glen Jorgensen, the creator of much of the intellectual property is seeking employment elsewhere.[4] Without investment, he will be lost. Further, additional investment from other third party investors is extremely unlikely in this situation.[5] This may be the only chance that the Product Companies' stakeholders maintain any value in their investment.

---

[4] "One is that Glenn Jorgensen, who is the key employee, has not been paid since November and he is currently seeking employment elsewhere. So if we lose him, then it's going to be extremely difficult. And, in fact, if we lose him, I would not make further investment in the company." Transcript of Proceedings at 69, Jones v. Laprotx, LLC, No. 13-609 (Bankr. M.D. Fla. Jan. 21, 2014).

[5] "Q Do you think it is necessary to secure the structure of Newco?
A Yes.
Q Why?

At best, an injunction only delays the investment by third parties into the Product Companies and the Restructuring and thus results in only minor damages.  At worst, all value developed by the Product Companies is lost.  This Court should not use its powers to enjoin the Product Companies when there is so much at risk with so little to gain.

### III.   CONCLUSION

Defendants have shown that Plaintiff bases its claims on law that is not applicable in this Court.  The injunction sought is not of the same character as the underlying relief requested.  Even if this Court found that it had grounds to enjoin third party's assets which were not property of a bankruptcy estate, it should not because to do so would be inappropriate under the traditional four factors test.

**WHEREFORE,** Defendants Laprotx, LLC, Gyrx, LLC, Menrx, LLC, and Frank R. Keasler, Jr., respectfully request that this Court deny Plaintiff's Motion for Temporary Injunction and Motion for Sanctions.

| | |
|---|---|
| **Respectfully Submitted,** | **KEASLER HUEBER LAW GROUP, LLC** |

     /s/ Benjamin F. Hueber
**Benjamin F. Hueber**
bhueber@khlawgrp.com
Florida Bar No.: 0073061
4215 Southpoint Blvd, Suite 140
Jacksonville, Florida 32216
pleadings@khlawgrp.com
Tel: (904) 339-0255
Fax: (904) 339-0256
Attorneys for Laprotx, LLC, Gyrx, LLC, Menrx, LLC, and Frank R. Keasler, Jr.

---

A Because nobody is going to put -- continue to put more money into these companies as they exist without some possibility of reward. So for another investment to be made, there has to be some upside to it." Transcript of Proceedings at 73, Jones v. Laprotx, LLC, No. 13-609 (Bankr. M.D. Fla. Jan. 21, 2014).

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 28th day of January, 2014, I electronically filed a copy of the foregoing with the Clerk of the Court using CM/ECF. I further certify a copy of the foregoing was furnished by U.S. mail, postage prepaid and properly addressed to:

Jacob A. Brown
Florida Bar Number: 0170038
Email: Jacob.brown@akerman.com
Katherine C. Fackler
Florida Bar Number: 0068549
Email: Katherine.fackler@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Phone: (904) 798-3700
Fax: (904) 798-3730
*Attorneys for Plaintiff, Gordon P. Jones,
as Chapter 7 Trustee*

Cheryl A. Thompson
Florida Bar Number: 970931
Colorado Bar Number: 039597
Email; Cheryl@thompsonbrownlee.com
P.O. box 992
Frisco, CO 80443
Phone: (970) 389-2133
Fax: (999) 295-8966
*Attorney for Plaintiff, Gordon P. Jones,
as Chapter 7 Trustee*

Mark S. Mitchell
Florida Bar Number: 18039
Email: MMitchell@rtlaw.com
1301 Riverplace Blvd., Ste. 1500
Jacksonville, FL 32207
Phone: (904) 398-3911
Fax: (904) 396-0663
*Attorney for Stephen Croskrey*