UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 3:13-bk-03656-JAF |
| ORTHODYNAMIX, LLC ) | |
| ) | Chapter 13 |
| ) | |
| Debtors. ) | |

| | |
|---|---|
| GORDON P. JONES, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | Adv. Case No. 3:13-ap-00609-JAF |
| ) | |
| vs. ) | |
| ) | |
| LAPROTX, LLC, GYRX, LLC, and, ) | |
| MENRX, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants LAPROTX, LLC, GYRX, LLC, and MENRX, LLC ("Product Companies" or "Defendants"), hereby files this Motion to Dismiss Complaint filed by Plaintiff GORDON P. JONES' ("Jones" or "Plaintiff").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   ISSUES PRESENTED**

Plaintiff filed his Complaint on December 31, 2013, claiming that Laprotx, LLC, Gyrx, LLC, and Menrx, LLC, each owed certain sums to the bankruptcy estate of Orthodynamix, LLC. The grounds for all of the claims comes exclusively from the bankruptcy filing of Orthodynamix, LLC, which asserted that Laprotx, LLC owes $19,500, Menrx, LLC owes $105,000, and Gyrx owes $119,000.  Plaintiff split each of these money claims into five separate counts with

apparently alternate legal theories; breach of contract, turnover of property of the estate, and three different theories of fraudulent transfer of property. Each set of five counts is nearly identical for each company. For each, Plaintiff recites the elements necessary for the count and references back to the allegation of money damages claimed against each company.

| Count | Company | Type of Claim |
| --- | --- | --- |
| Count I | Laprotx | Breach of Contract |
| Count II | Laprotx | Turnover of Property of the Estate |
| Count III | Laprotx | Avoid and Recover Fraudulent Transfer of Property |
| Count IV | Laprotx | Avoid and Recover Fraudulent Transfer of Property |
| Count V | Laprotx | Avoid and Recover Fraudulent Transfer of Property |
| Count VI | Gyrx | Breach of Contract |
| Count VII | Gyrx | Turnover of Property of the Estate |
| Count VIII | Gyrx | Avoid and Recover Fraudulent Transfer of Property |
| Count IX | Gyrx | Avoid and Recover Fraudulent Transfer of Property |
| Count X | Gyrx | Avoid and Recover Fraudulent Transfer of Property |
| Count XI | Menrx | Breach of Contract |
| Count XII | Menrx | Turnover of Property of the Estate |
| Count XIII | Menrx | Avoid and Recover Fraudulent Transfer of Property |
| Count XIV | Menrx | Avoid and Recover Fraudulent Transfer of Property |
| Count XV | Menrx | Avoid and Recover Fraudulent Transfer of Property |

The Product Companies argue below that, because of the way that the Complaint is drafted, it is impossible to respond to the claims made by Plaintiff. This is because Plaintiff has not cited to any particular transaction or provided any information whatsoever about the underlying grounds for the claims. Plaintiff only provided two pieces of identifying information – the identity of the companies that Plaintiff seeks money from and how much the Plaintiff wants.

**II.    ARGUMENT**

Plaintiff provides no guidance as to the source of his claims, as this Court noticed in its "Order Denying Plaintiff's Amended Emergency Motion for Preliminary Injunction" in this matter.[1] This is fatal flaw of the Complaint, and warrants dismissal in its entirety. Further, the claims against Gyrx, LLC should be dismissed because the sole grounds for them are sourced in a document which describes that Gyrx, LLC is in fact owed $919,224.90 more than it owes Orthodynamix, LLC. This inconsistency of the incorporated document warrants the dismissal of the Gyrx, LLC claims.

> **a. Plaintiff's Complaint as a Whole is So Vague and Devoid of Factual Allegations that Defendants Cannot Properly Respond to it, and Thus the Complaint is a Violation of Fed.R.Civ.P. Rules 8**

(Seeking Dismissal of All Counts, I-XV)

Fed.R.Civ.P. Rule 8, through Fed.R.Bankr.P. 7009, provides that Complaints in adversarial actions must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Courts have interpreted this rule to mean that complaints must articulate underlying supporting facts and not mere recitation of the legal elements.

While this Court must accept all facts as true in a Motion to Dismiss, *see* Theater v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006), there must be at least facts alleged to support the claim. The United States Supreme Court has explained that:

---

[1] "With respect to the fraudulent transfer claims in the adversary proceeding, the adversary complaint includes the following single, bare allegation regarding alleged fraudulent transfers of funds: '[Ortho] made numerous transfers of funds to [each of the Defendants] during the two-year period preceding the Petition Date.' (Pl.'s Ex. 4, ¶¶ 14,22,30). The adversary complaint does not identify, and Plaintiff failed to introduce evidence at the Evidentiary Hearing regarding, the amount of any alleged transfer, the date of any transfer, or any particularity of any alleged transfer. The insufficiency of the allegations in the adversary complaint, coupled with the absence of evidence presented in support of the fraudulent transfer claim […]." At 6.

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged [internal citations omitted].

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), *citing* Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007); *see also* Lubin v. Skow (In re Integrity Bancshares, Inc.), 382 Fed. Appx. 866 (11th Cir. 2010)(The court explained that a simple recitation of the elements of a cause of action in a complaint will not suffice).

This Court encountered a similar scenario to this in Taylor, Bean & Whitaker Mortgage Corp. v. Blue Cross Blue Shield of Georgia, Inc., Bankr. No. 3:09-bk-7047-JAF, 2012 WL 2369342 (Fla. M.D. 2012). This Court analyzed the relevant legal standard in regard to insufficiency of the complaint, as argued herein. Id. This Court paid notice to the fact that the Plaintiff had attached an exhibit which illustrated

> (1) the name of the transferee (BCBX); (2) the check or wire number associated with the subject transfers; (3) the last four digits of the originating account number; (4) the date of the transferred amounts "cleared"; and (5) the precise amount of each transfer.

Id. This Court further noticed that Plaintiff had incorporated the disclosure statement as well. With this information, this Court determined that the Plaintiff had provided sufficient specific information for a fraudulent transfer claim. Id.

This Court should find that the Complaint in this matter is not sufficiently descriptive of a claim under Fed.R.Civ.P. Rule 8, as described under Ashcroft and its progeny. Here, the only information provided is the transferee and some aggregate amount alleged. That is the only

information provided – the remainder of the Complaint is a recitation of elements and contains no specific information. The only grounds cited by Plaintiff for this claim is a statement made in the bankruptcy petition that the moneys are owed, but provides no description for how, why, or when they occurred.

This matter is not a circumstance in which the Product Companies have greater knowledge than the Plaintiff. Plaintiff was given free rein to seize all documents of debtor companies, and so is in possession of them. Further, Plaintiff's counsel has generally been granted complete access to the Product Companies' facilities. So, Plaintiff should be granted no special privileges in terms of pleading requirements based on a disproportionate knowledge.

It should be additionally noted that the Complaint ambiguously pleads in the alternative of five different theories. Each of these theories cites the same amounts owed, and the underlying facts to support the basic elements for these theories are mutually exclusive. This suggests that Plaintiff threw out every claim possible to see "what would stick." While there is nothing inherently wrong with pleading in the alternative, such practice is not appropriate when the factual basis for the underlying elements is inconsistent.

The Product Companies cannot determine what is demanded without further guidance. The grounds for Plaintiff's claims alleged are to not normal amounts due in the usual course of business; the Product Companies had many transactions with Orthodynamix, LLC. In order for the Product Companies to address or deny the accusations, it is critical for Plaintiff to explain what he is referring to. If the matter is a breach of contract, a contract should be identified. If the matter is to turn over the property of the bankruptcy estate of Orthodynamix, LLC, then the grounds for the alleged ownership should be established. If the matter is fraudulent transfer, then these transfers should be identified and dated.

The Product Companies cannot provide a cognizable response without Plaintiff providing specific dates and particular transactions. This matter should be dismissed in its entirety for these reasons.

### b. **Plaintiff's Complaint Incorporates Contradictory Terms and Therefore Does Not State a Claim From Which Relief May be Granted**

(Seeking Dismissal of Counts VI-X)

Plaintiff's sole grounds for relief are based in a single document, the bankruptcy filing of Orthodynamix, LLC. However, this filing is contradictory in the sense that Gyrx, LLC is alleged to be owed $1,038,224.90, significantly more than $119,000.00 Gyrx, LLC allegedly owes Orthodynamix, LLC. Because this inconsistency is incorporated into the Complaint, the claims themselves are nullified as to Gyrx, LLC.

This bankruptcy filing was incorporated by reference into the Complaint. *See* Fed.R.Civ.P. Rule 10(c). Incorporated documents are considered part of the pleading for all purposes, including a Rule 12(b)(6) motion. Solis–Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir.1985). Where the allegations of a complaint are expressly contradicted by the plain language of an attachment to that complaint, the attachment controls, and the allegations are nullified. International Star Registry of Illinois v. Omnipoint Marketing, LLC, 510 F.Supp.2d 1015, 1022 (S.D.Fla.2007).

Normally, the right for Gyrx, LLC to set off the entirety of the claim made by Orthodynamix, LLC would be a question of fact which Gyrx, LLC should address in an answer. In this matter, however, Plaintiff has grounded his entire legal theory on statements made in a single document which directly contradicts the amounts claimed. The critical fault of the Complaint is that the *only* grounds alleged are found in a document that does not actually describe a balance in Orthodynamix, LLC's favor. This is not a question of fact, it is an

inconsistent pleading. Under Fed.R.Civ.P. Rule 10(c) and cases interpreting it, the arguments made against Gyrx, LLC should be dismissed as being contrary to the plain language of the attachment under Fed.R.Civ.P. Rule 12(b)(6).[2]

**WHEREFORE,** Defendants Laprotx, LLC, Gyrx, LLC, and Menrx, LLC, respectfully request that this Court dismiss Plaintiff Gordon P. Jones' Complaint.

**Respectfully Submitted,**            **WILKINS | von MERTZ**

_____/s/ Benjamin F. Hueber_____
**Benjamin F. Hueber**
bhueber@wvmlegal.com
Florida Bar No.: 0073061
8777 San Jose Blvd., Suite 501
Jacksonville, Florida 32217
Tel: (904) 374-9430
Fax: (904) 239-5468
*Attorneys for Laprotx, LLC, Gyrx, LLC and Menrx, LLC*

---

[2] In Orthodynamix, LLC's filing, Menrx, LLC is alleged to owe $105,000 but it is owed $31,000, suggesting that a right of set off would exist in favor of Menrx, LLC in part. However, since this balance allegedly is in Orthodynamix, LLC's favor, it is internally consistent to seek damages against Menrx, LLC. Thus, it is not appropriate to seek dismissal against Menrx, LLC on the grounds of inconsistency/nullification alone.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of February, 2014, I electronically filed a copy of the foregoing with the Clerk of the Court using CM/ECF. I further certify a copy of the foregoing was furnished by U.S. mail, postage prepaid and properly addressed to:

Jacob A. Brown
Florida Bar Number: 0170038
Email: Jacob.brown@akerman.com
Katherine C. Fackler
Florida Bar Number: 0068549
Email: Katherine.fackler@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Phone: (904) 798-3700
Fax: (904) 798-3730
*Attorneys for Plaintiff, Gordon P. Jones,*
*as Chapter 7 Trustee*

Cheryl A. Thompson
Florida Bar Number: 970931
Colorado Bar Number: 039597
Email; Cheryl@thompsonbrownlee.com
P.O. box 992
Frisco, CO 80443
Phone: (970) 389-2133
Fax: (999) 295-8966
*Attorney for Plaintiff, Gordon P. Jones,*
*as Chapter 7 Trustee*

             _____/s/ Benjamin F. Hueber_____
             **Benjamin F. Hueber**